UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60493-CIV-COHN/SNOW

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

JOHN W. SURGENT, BARRY ABRAMS,
WARREN HEMEDINGER,
SCOTT PICCININNI, PAUL TAHAN,
ROBERT VITALE, MARK CHAVEZ,
SAL PUCCIO, and VICTOR A. LESSINGER,

    Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER FUNDS

**THIS CAUSE** comes before the Court on Plaintiff Securities and Exchange Commission's ("SEC's") Motion to Transfer Funds ("Motion") [DE 141]. Defendants have not filed a response to this Motion. The Court has considered the Motion and the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On April 16, 2004, the SEC brought this action against Defendants alleging violations of federal securities laws. Specifically, the SEC claimed that Defendants participated in a scheme to artificially inflate, by fraudulent means, the market price for the over-the-counter stock of Orex Gold Mines Corporation ("Orex"). On July 24, 2006, the Court granted the SEC's Motion for Summary Judgment against Defendant John W. Surgent. See DE 128. According to the Complaint, Surgent was one of the leaders

1

of the operation, having incorporated Orex and installed Defendant Warren Hemedinger as its president.  See DE 1 at 4-5.  The judgment against Surgent permanently barred him from, among other things, participating in an offering of penny stock or acting as an officer or director for certain categories of publicly traded companies.  See DE 128 at 7.

On August 15, 2006, the Court entered separate Final Judgments against Defendants Robert Vitale [DE 132] and Warren Hemedinger [DE 133].  The judgment against Vitale ordered him to pay disgorgement, prejudgment interest, and a civil penalty totaling $100,025, of which $20,000 has been paid.  See DE 132; DE 141-1 at 5.  The judgment against Hemedinger required him to pay disgorgement, prejudgment interest, and a civil penalty totaling $25,000, which has been paid in full.  See DE 133; DE 141-1 at 5.

Surgent was also charged in a parallel criminal case in the Eastern District of New York, United States v. John Surgent, No. 04-CR-0364 (JG) (E.D.N.Y., filed Apr. 15, 2004) ("the Criminal Case"), and on April 26, 2005, he was convicted of securities fraud for essentially the same conduct alleged in this civil action.  His conviction was upheld on appeal.  See United States v. Surgent, 278 F. App'x. 32 (2d Cir. 2008).  In the instant Motion, the SEC asks the Court to order that the disgorgement, penalties, and interest paid by Vitale and Hemedinger, totaling $45,000, be transferred to the court registry account currently held in connection with the Criminal Case.

## II. LEGAL STANDARDS

The primary purpose of disgorgement is to deprive the wrongdoer of unjust enrichment, not to compensate investors.  See SEC v. Rosen, No. 01-0369-CIV, 2002

WL 34414715, at *11 (S.D. Fla. Apr. 24, 2002) (citing SEC v. Commonwealth Chem. Secs., Inc., 574 F.2d 90, 102 (2d Cir. 1978)).  However, once the illegal profits have been disgorged, the equitable result may be to return the money to victims of the violation.  SEC v. Drexel Burnham Lambert, Inc., 956 F. Supp. 503, 507 (S.D.N.Y. 1997).  The Court has broad discretion to approve proposed dispositions of disgorged funds.  See SEC v. Fishbach, 133 F.3d 170, 175 (2d Cir. 1997).  Additionally, any civil penalties obtained against violators of securities laws may, at the motion or direction of the SEC, be added to the disgorgement or restitution fund established for the benefit of victims.  15 U.S.C. § 7246(a).

### III. ANALYSIS

Here, the SEC argues that it would be inefficient for it to distribute the relatively small amount of disgorged funds to victims, given the administrative costs that would be incurred in locating the injured investors.  See 141-1 at 8.  Further, the SEC represents that the United States Attorney's Office of the Eastern District of New York — which prosecuted Surgent — has identified victims of the Defendants' scheme, and could apply the disgorged funds to the sum already collected in a restitution fund.  See id.  Therefore, the SEC contends, equity would be best served by transfer of the disgorged funds and civil penalties to the restitution fund for the Criminal Case.  See id.

The Court agrees.  The victims of Vitale's and Hemedinger's civil violations are almost certainly the same individuals harmed by Surgent's criminal violations.  All three parties worked together to defraud Orex's investors, and Surgent was then criminally convicted for his role in the scheme.  While the Court recognizes that disgorgement is to be distinguished from restitution, see Drexel Burnham Lambert, 956 F. Supp. at 507,

it is entirely appropriate for disgorged assets to be transferred to a victim restitution fund.  See Fishbach, 133 F.3d at 175.  Furthermore, pursuant to the SEC's request, the Court concludes that the civil penalties obtained against Vitale and Hemedinger should be added to the restitution fund.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Transfer Funds [DE 141] is hereby **GRANTED**.  The Clerk of this Court shall pay $45,000 of disgorgement, prejudgment interest, and civil penalties presently being held in the Registry in connection with the above-captioned action, together with all interest accrued thereon, minus any fees of the Clerk of the Court, by check to the account established to hold restitution funds in United States v. John Surgent, No. 04-CR-0364 (JG) (E.D.N.Y., filed Apr. 15, 2004).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of September, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF